### TABER v. CRUTHERS.

(*Supreme Court, General Term, Second Department.* February 11, 1891.)

TRESPASS BY CATTLE—DEFECTIVE FENCES.

> In an action for damages caused by defendant's cattle trespassing on plaintiff's land, it appeared that the cattle escaped from defendant's premises through an opening in the fence between defendant and one H., and thence upon plaintiff's land. Plaintiff had been accustomed to pass through such opening, and over a temporary road on defendant's land, to the highway, without objection, but it did not appear that plaintiff made the opening in the fence. *Held*, that defendant was liable.

Appeal from Dutchess county court.

Action by Walter F. Taber against John Cruthers for trespass by defendant's cattle on plaintiff's land. In constructing a railroad through plaintiff's land a deep cut was made. The railroad company agreed to build a bridge over the cut so that plaintiff could pass from one part of his land to the other. Afterwards the company made a temporary agreement with plaintiff and one Haggerty, whose land lay between the lands of plaintiff and defendant, by which he gave them a right of way through land of defendant then occupied by the company. A lane was opened between the railroad and the lands of plaintiff and Haggerty to defendant's line, where an opening was made in the fence. Thence plaintiff and Haggerty passed over defendant's land into a gate on the highway. After the railroad company had ceased to occupy the land over which the way was opened, plaintiff and Haggerty continued to use it without objection. Defendant's cattle went through the opening between defendant and Haggerty. A judgment of the justice was affirmed by the county court, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Frank B. Lown,* for appellant. *Wilkinson & Cossum,* for respondent.

PRATT, J. There is but little in this case but questions of fact, and those were settled below by findings in favor of the plaintiff. There is no evidence that the fence at the point where the defendant's cattle got out of his lot was taken down or destroyed by the plaintiff. In fact, it does not clearly appear where they did get out, although there is some proof that it was at parts of an old stone wall that had been torn down. The fact that a gate had been placed in the fence for the convenience of the plaintiff constituted no defense, without going further, and showing that plaintiff left it open, there being no proof it was not sufficient and secure when it was put up. When the plaintiff had proved a frequent trespassing upon his land by the defendant's cattle, we think the burden was cast upon the defendant to show he was not in fault, inasmuch as the defendant made no explanation, so far as appears, when notified of various trespasses. Assuming, however, that the cattle went out of defendant's land through the temporary road and in plaintiff's land at a point where it was the duty of Haggerty to fence, the defendant would still be liable for permitting his cattle to get into the temporary road. It was defendant's

duty to see that his cattle were restrained upon his own land, and although Haggerty's negligence may have contributed to the injury, yet the defendant is liable.   These trespasses had continued for so long a time to the knowledge of defendant that the duty was cast upon him to either fence against this temporary road or close it entirely, no matter who made the road.   In any view, we think the defendant failed to make any valid defense, and the judgment must be affirmed.